IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-00082-BO

| | |
|---|---|
| MICHELLE JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOLIDAY DELTA, INC., d/b/a DOMINO'S ) <br> PIZZA, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

This matter is before the Court of Plaintiff's Motion to Voluntary Dismiss her Fourth Cause of Action (DE # 25) and Plaintiff's Motion to Remand (DE # 27). Both Motions are GRANTED.

## FACTS

Plaintiff alleges that she was sexually assaulted by Defendant's employee. The employee allegedly was charged with statutory rape, and subsequently pled guilty to second-degree kidnapping in connection with the assault. Plaintiff now sues Defendant for (1) negligent hiring, retention and supervision; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) gender discrimination under Title VII of the 1964 Civil Rights Act.

Defendant removed this case pursuant to federal question jurisdiction on April 28, 2010. On March 11, 2011, Plaintiff made the instant motions. She states she wishes to dismiss her federal claim because "after diligent investigation of the facts and relevant legal authorities, she no longer wishes to pursue the claim in light of the high burden of proof required to prevail at

trial and the substantial cost she will incur in attempting to meet that burden." She also wishes to litigate her remaining state claims in state court. Defendant has not filed any response to these motions.

## DISCUSSION

Plaintiff's Motions are both granted as neither voluntary dismissal of the federal claim nor remand to state court will prejudice the Defendant.

### Voluntary Dismissal

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." It is well settled that a Rule 41(a)(2) motion "should not be denied absent substantial prejudice to the defendant." Bioxy, Inc. v. Birko Corp., 935 F. Supp. 737, 740 (E.D.N.C. 1996) (quoting Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986)). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Id.

It is also "well established" that "the mere prospect of the transfer of litigation to state court [is] an insufficient basis for denying the motion for voluntary dismissal." Davis v. USX Corp., 819 F.2d 1270 (4th Cir. 1987).

Here, the Court finds the Defendant would not be prejudiced by dismissal of Plaintiff's federal claim. Although Defendant removed this case one year ago, dispositive motions are not due until July 15, 2011. To the extent that Plaintiff's motion to voluntarily dismiss is motivated by a desire to litigate in state court, this is not a sufficient reason to deny the motion. The Court perceives no other reason the Defendant may be prejudiced. Indeed, the Defendant has not opposed either of Plaintiff's motions.

Plaintiff's motion to voluntarily dismiss is thus granted.

## Remand

Plaintiff's suit is remanded to New Hanover County Superior Court as the Court lacks subject matter jurisdiction.

According to 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

After dismissing Plaintiff's sole federal claim, the Court no longer has federal question jurisdiction in this case. The case also lacks diversity jurisdiction. Additionally, the Court declines to exercise supplemental jurisdiction over the state law claims because the Plaintiff wishes to litigate in state court, the Defendant does not oppose the remand and would not otherwise be prejudiced by it, and in the interests of comity. The case is thus remanded.

## CONCLUSION

The Court thus grants Plaintiff's request to voluntary DISMISS her fourth cause of action without prejudice. The Court also grants Plaintiff's Motion to REMAND to New Hanover County Superior Court

SO ORDERED, this ___ day of June, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE